UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

A.H., an infant under the age of 18 years by
his mother and natural guardian, JOAN
ASLARONA,

                              Plaintiff,

                  - against -

THE BOARD OF EDUCATION OF THE
CITY OF NEW YORK, THE
DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, and SHERIF F.
ELGAWLY in his individual and official
capacities,

                         Defendants

------------------------------------------------------- X

**MEMORANDUM DECISION AND
ORDER**

23-cv-4509 (BMC)

**COGAN**, District Judge.

      This is an action under 42 U.S.C. § 1983 for excessive force and parallel state law claims

arising out of a classroom incident in which an autistic student had his arm broken during an

episode of decompensation when a teacher attempted to remove him from the classroom.  It is

before me on plaintiff's motion for approval of an infant compromise pursuant to which the

parties have settled this case.

      There is no difficulty approving the settlement as fair and reasonable to the student.  See

Rodney v. City of New York, No. 13-cv-6179, 2015 WL 1014165, at *2 (E.D.N.Y. March 6,

2015).  Settlements like this one, which are supported by the infant's guardian, are presumed to

be "fair and in the infant's best interest, and should therefore be afforded some level of

deference."  C.A. ex rel. Arroyo v. City of New York, No. 11-cv-3831, 2013 WL 764626, at *1

(E.D.N.Y. Feb. 28, 2013).  This settlement was the result of an arm's length negotiation between experienced counsel and the parties have engaged in substantial discovery, including several fact witness depositions and consultation with multiple expert witnesses, which further supports a finding that the compromise is fair and reasonable.  See Camac v. Long Beach City Sch. Dist., No. 09-cv-5309, 2012 WL 3277228, at *4 (E.D.N.Y. July 25, 2012).  This complex case would be costly if it proceeded to trial and plaintiff would face the risk of recovering nothing.  See Vitucci v. Winthrop Univ. Hosp., No. 12-cv-4328, 2014 WL 4659274, at *4 (E.D.N.Y. Sept. 17, 2014).

As plaintiff's counsel, Andrew Carboy, acknowledges, however, there is some difficulty in approving the attorneys' fee component of the settlement solely because he failed to keep any contemporaneous time records.  It is a peculiar issue to arise in this case because as noted above, plaintiff's lawyer has considerable experience in federal litigation yet has offered no explanation as to why he did not keep contemporaneous time records.

Although some district courts have found various reasons to excuse the absence of time records in fee approval applications[1], the Second Circuit case law is rather inflexible.  More than forty years ago, the Circuit held that in an action where the right to attorneys' fees is provided by federal law, "[a]ll applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."  New York State Ass'n for Retarded

---

[1] See, e.g., P3 v. Hilton Cent. Sch. Dist., No. 21-cv-6546, 2023 WL 7326048, at *9 (W.D.N.Y. Nov. 7, 2023); I.M. by Hartmann v. DiCostanzo, No. 16-cv-7608, 2020 WL 1330241, at *7 (S.D.N.Y. March 23, 2020); Paredes v. J&B Cleaners, Inc., No. 18-cv-1638, 2018 WL 2461274, at *2 (S.D.N.Y. June 1, 2018); Khabbaz v. Costco Wholesale Corp., No. 14-cv-6240, 2017 WL 10186279, at *3 (E.D.N.Y. March 15, 2017); R.G. v. Federated Inc., No. 14-cv-7734, 2016 WL 3072396, at *2 (S.D.N.Y. May 27, 2016); Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 59-60 (E.D.N.Y. 2010); Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 378 (S.D.N.Y. 2010).

Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).  It later narrowed the scope of the

word "normally" in Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010):

> … Carey sets out unequivocally that absent unusual circumstances attorneys are
> required to submit contemporaneous records with their fee applications. The
> permissive language at the end of the opinion recognizes that exceptions to the
> rule may exist. The strength with which we articulated the general rule, however,
> signals that any possible exceptions are minimal and limited in scope. In other
> words, Carey establishes a strict rule from which attorneys may deviate only in
> the rarest of cases . . . .
>
> While we can imagine rare circumstances where an award of fees might be
> warranted even in the total absence of contemporaneous records – such as where
> the records were consumed by fire or rendered irretrievable by a computer
> malfunction before counsel had an opportunity to prepare his application – the
> circumstances justifying such an exception would have to be found by the
> awarding court and laid out in sufficient detail to permit review of the justification
> on appeal.

Although the two examples of acceptable excuses for not having contemporaneous records in

Scott are not exclusive, it is noteworthy that in each of them, the attorney had, in fact, maintained

such records, but could not retrieve them because of circumstances beyond his control.  That is

not the case here.

Nevertheless, plaintiff's counsel's fees are reasonable under the percentage of recovery

method, as his one-third contingency fee is standard for infant compromises in this Circuit.  See

D. v. City of New York, No. 14-cv-7131, 2016 WL 4734592, at *7 (S.D.N.Y. Aug. 22, 2016).

Because the settlement amount here is justified on a percentage of recovery basis, the lodestar

method serves as a crosscheck.  See Alleyne, 264 F.R.D. at 59-60.  To that end, I credit counsel's

reconstructed time calculations, which appear to be conservative and, when multiplied by his

reasonable fee, produce a lodestar multiplier within an appropriate range.  See Johnson v.

Brennan, No. 10-cv-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011).  Given his

capable representation in this case and the posture of the present motion, I decline to deny his

request for fees in its entirety.

However, because plaintiff's counsel has failed to provide adequate contemporaneous records, the Court reduces his requested fee by 30%, to $110,833.10.  See, e.g., D.J. ex rel. Roberts v. City of New York, No. 11-cv-5458, 2012 WL 5431034, at *8 n.8 (S.D.N.Y. Oct. 16, 2012) (describing "the approach generally taken in infant compromise cases where the infant's counsel has neither maintained nor presented any purported time records at all" to reduce fee awards by 30%).  The difference ($47,499.90) shall go to the UJA Federation Community Trust IV for the infant plaintiff's benefit, in addition to the $273,988.40 that the settlement agreement provides to the trust.

The Court directs plaintiff's counsel, in any future action in federal court in which his claim for fees is based in whole or in part on federal law and in which he has not maintained contemporaneous time records, to submit a copy of this decision to that court together with his request for fees so that it can consider what to do about a repetition of the conduct seen here.

Finally, the case costs and lien shall be reimbursed in full, as they were appropriate and have been adequately documented.

In sum, subject to the fee reduction, the proposed infant compromise is approved, see generally Almawri v. Cintron, No. 18-cv-1481, 2019 WL 13213894, at *1 (E.D.N.Y. May 14, 2019), plaintiff's [35] motion is granted, and the case is dismissed.  The Court shall retain jurisdiction to enforce the terms of the settlement agreement.

Plaintiff's [36] motion to seal is granted, as the parties' interest in maintaining the confidentiality of the sensitive information at issue outweighs the qualified public right of access.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
        July 9, 2024

4